IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**TERRY EDWARD WOLFE,**

      **Plaintiff,**

                                                      Case No. 2:16-cv-1140

   v.                                        Judge George C. Smith

                                                    Magistrate Judge Chelsey M. Vascura

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**


## REPORT AND RECOMMENDATION

Plaintiff, Terry Edward Wolfe, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for social security disability insurance benefits and supplemental security income. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 10), the Commissioner's Memorandum in Opposition (ECF No. 15), and the administrative record (ECF No. 5). For the reasons that follow, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner's decision.

### I.    BACKGROUND

Plaintiff filed applications for a period of disability and disability insurance benefits under Title II of the Social Security Act on June 25, 2012 and December 6, 2012. In both applications, he alleged disability beginning on October 2, 2012. Both applications were denied initially on April 25, 2013, and upon reconsideration on February 8, 2014. (PAGEID# 295.) Upon Plaintiff's request, a hearing was held on January 6, 2016, at which Administrative Law

Judge Thomas L. Wang ("ALJ") presided. Plaintiff and Vocational Expert, Lynne Kaufman, testified at the hearing. (PAGEID# 316.)

On January 29, 2016, the ALJ issued his decision, concluding that Plaintiff was not under a disability at any time from October 2, 2012, through the date of the decision. (PAGEID# 295-309.) At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff had not engaged in substantially gainful activity since his alleged onset date of October 2, 2012. (PAGEID# 308.) Next, the ALJ concluded that Plaintiff has the following medically determinable severe impairments: coronary artery disease with history of coronary artery triple bypass surgery; hypertension; diabetes; obesity; left hemi-diaphragm paralyzation due to phrenic nerve damage; history of cervical radiculopathy/carpal tunnel syndrome; and history of fusion surgery to the lumbosacral spine (as well as a number of non-severe impairments). He then

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

> 1. Is the claimant engaged in substantial gainful activity?
> 2. Does the claimant suffer from one or more severe impairments?
> 3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
> 4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
> 5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009).

2

concluded that Plaintiff does not have an impairment or combination of impairments that meet or medically equals one of the listed impairments.

The ALJ then set forth Plaintiff's RFC as follows:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CRF 404.1567(b) and 416.967(b), except he can frequently kneel and occasionally stoop, crouch, crawl, and climb ramps and stair[s], but never climb ladders, ropes, or scaffolds. He can no more than frequently handle, finger, and feel. He can no more than occasionally be exposed to temperature extremes, wetness, humidity, and respiratory irritants. He must avoid unprotected heights.

(PAGEID# 300.)

The ALJ relied upon the vocational expert's testimony to conclude that Plaintiff could perform his past relevant work as a security sergeant and to alternatively conclude that he could perform a significant number of other jobs in the state and national economies. The ALJ therefore concluded Plaintiff was not disabled under the Social Security Act from October 2, 2012, through the date of the decision. On October 3, 2016, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (PAGEID# 29.) Plaintiff then timely filed the instant action.

In his Statement of Errors, Plaintiff states that he "agrees generally" with the ALJ's summary of the medical record, but that he disagrees with "the ALJ's interpretation of those facts and his opinions based upon them . . . ." (Pl.'s Statement of Errors 2, ECF No. 10.) Plaintiff contends that the ALJ's RFC assessment lacks substantial evidence because it fails to include all of his limitations. More specifically, Plaintiff maintains that the RFC should have included limitations in his ability to stay on task and be present in the work place, which Plaintiff asserts are necessary to accommodate his shortness of breath and fatigue. In support of his

3

assertions, Plaintiff points to his hearing testimony that his breathing is one of the reasons he cannot work and also his testimony that he sleeps 2-3 hours during the day due to breathing issues. (*Id*. (citing PAGEID# 320, 323, 327).) Plaintiff also points out that treating cardiologist Dr. Davis opined that he "cannot work due to his 'marked shortness of breath, either from his breathing mechanics and/or concomitant heart failure.'" (*Id*. (citing PAGEID# 757).)

In her Memorandum in Opposition (ECF No. 15), the Commissioner counters that substantial evidence supports that ALJ's RFC assessment. The Commissioner posits that the ALJ properly considered all of the evidence and reasonably concluded that the RFC he assessed accommodated Plaintiff's shortness of breath and fatigue symptoms.

## II. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the

Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### III. ANALYSIS

As set forth above, for his sole contention of error, Plaintiff asserts that the ALJ erred in failing to incorporate RFC limitations relating to his ability to stay on task and be present in the work place. The undersigned disagrees.

A plaintiff's RFC "is defined as the most a [plaintiff] can still do despite the physical and mental limitations resulting from her impairments." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009); *see also* 20 C.F.R. §§ 404.1545(a), 416.945(a). The determination of RFC is an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e). Nevertheless, substantial evidence must support the Commissioner's RFC finding. *Berry v. Astrue*, No. 1:09CV000411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010).

Here, the ALJ's decision amply supplies substantial evidence supporting his decision. In

5

connection with his RFC determination, the ALJ discussed the record evidence, including opinion evidence, Plaintiff's symptoms, and Plaintiff's testimony. The ALJ offered a thorough discussion of the medical evidence and ultimately concluded that "a careful review of the record does not substantiate the severity of the pain and degree of functional limitations alleged by [Plaintiff]." (PAGEID# 301; *see also* PAGEID# 306 ("[P]laintiff's subjective complaints are disproportionate with and no supported by the objective and substantial evidence in the record.").) Although the ALJ found that Plaintiff's was not as limited as he alleged, the ALJ acknowledged, discussed, and accommodated Plaintiff's shortness of breath and fatigue symptoms as follows:

> [T]he evidence documents the claimant's reports of shortness of breath and fatigue that are in part consistent with his coronary artery condition, hypertension, and left hemi-diaphragm paralyzation due to phrenic nerve damage. These symptoms, in combination with his mild to moderate obesity and history of periodic musculoskeletal complaints, reasonably preclude greater than light exertion with no more than frequent kneeling, more than occasional stooping, crouching, crawling or climbing of ramps or stairs, or any climbing of ladders, ropes, or scaffolds.
>
> \* \* \*
>
> Because of the claimant's shortness of breath, he can no more than occasionally be exposed to respiratory irritants. Additionally, he should avoid more than occasional exposure to temperature extremes, wetness, and humidity, which could aggravate his symptoms. Because of his fatigue, he must avoid unprotected heights.

(PAGEID# 304.) In reaching his RFC assessment, the ALJ also accorded "great weight" to the opinions of state-agency reviewing physicians, Drs. Freihofner and Lewis. (*Id.*) He noted Drs. Freihofner and Lewis concluded that Plaintiff could perform light exertion with some postural and environmental limitations. The ALJ concluded that their opinions are "consistent with and

well supported by the evidence of the record as a whole and are generally accepted as accurate representations of [Plaintiff's] physical status." (*Id*.) The ALJ further pointed out that Drs. Freihofner and Lewis found Plaintiff's allegations were only partially credible and that they had noted that although Plaintiff "alleged that walking only a few feet made him extremely tired . . . a cardiac treatment note indicated that he had no chest pain and only mild dyspnea and that he was able to walk on the treadmill for 15 to 30 minutes daily." (*Id*. at PAGEID# 306.) Notably, the ALJ's RFC assessment is *more* restrictive than the RFC assessment Drs. Freihofner and Lewis opined. The ALJ also noted that Dr. Daniel "remarked that [Plaintiff's] symptoms appear to be out of proportion to what I would expect based upon his findings." (*Id*. (internal quotation marks and citation to the record omitted).)

     Plaintiff's contention that the ALJ erred by not including limitations on his ability to stay on task and be present in the work place lacks merit. Significantly, no medical source opined that Plaintiff has either of the foregoing specific functional limitations. Rather, Plaintiff relies upon his own testimony and Dr. Davis's opinion. Plaintiff's reliance upon his own testimony is misplaced because the ALJ found his allegations relating to the severity of his functional limitation to lack credibility, a determination Plaintiff does not challenge. (PAGEID# 301, 306.) Plaintiff's reliance upon Dr. Davis's statement that he "cannot work due to his 'marked shortness of breath, either from his breathing mechanics and/or concomitant heart failure,'" (PAGEID# 757), likewise fails to persuade. The ALJ offered good reasons for rejecting Dr. Davis's opinion, namely, that it was "not well supported by medically-acceptable clinical and laboratory diagnostic techniques, and it is inconsistent with other substantial evidence in the record."

(PAGEID# 305.) *See* 20 C.F.R. § 416.927(c) (identifying the examining and treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the source as factors to consider when weighing a medical source opinion). The ALJ specifically pointed out that even Dr. Davis's own treatment records reflected that he had urged Plaintiff to walk and exercise and also that those records often documented normal lungs. The ALJ also correctly stated that "no special significance is given to the source of an opinion on whether the claimant is 'disabled' or 'unable to work' . . . ." (PAGEID# 305 (internal citation omitted).); *See* SSR 96–5p, 1996 WL 374183, at *5 (1996) ("Medical sources often offer opinions about whether an individual ... is 'disabled' or 'unable to work[.]' . . . Because these are administrative findings that may determine whether an individual is disabled, they are reserved to the Commissioner."). Regardless, even if Plaintiff's testimony and Dr. Davis's opinion constitute substantial evidence supporting more restrictive limitations, because substantial evidence supports the ALJ's RFC assessment, the Court must defer to the ALJ's determination. *See Blakely*, 581 F.3d at 406; *Key*, 109 F.3d at 273.

## IV. DISPOSITION

In sum, from a review of the record as a whole, the Undersigned concludes that substantial evidence supports the ALJ's decision denying benefits. Accordingly, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner of Social Security's decision.

## V. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that

party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

      /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE